**Louis Armstrong, Defendant in Error, v. Dennis Quill et al., Plaintiffs in Error.**

**Gen. No. 14,872.**

SCIRE FACIAS—*when judgment rendered upon reversed.*  A judgment rendered upon a *scire facias* to add a party to a judgment will be reversed if the evidence does not sustain the same.

*Scire facias.*  Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1908.  Reversed.  Opinion filed February 15, 1910.

THATCHER, GRIFFEN & WRIGHT and F. L. FAIRBANK, for plaintiffs in error.

JOHN W. CREEKMUR, for defendant in error.

MR. JUSTICE MACK delivered the opinion of the court.

In a suit for goods sold and delivered plaintiff ob-

tained a default judgment against Daniel J. Quill and M. Quill Adams sued jointly with Dennis Quill as co-partners. Service of process was not secured on Dennis Quill. To reverse a judgment subsequently rendered on *scire facias* against him he sued out a writ of error, and contends that the evidence fails to show that he is jointly liable with his co-defendants.

Dennis Quill had sold his business to his co-defendants, his children, four years prior to the transactions. Proper notice had been given to the trade, and though the name Dennis Quill was retained as the firm name, all of the stationery except a few old stray letterheads, one of which reached plaintiff, indicated clearly that the other two had succeeded to the business. Dennis loaned money to his children and frequently made out checks direct to their creditors, but always handed them to the children for delivery. He selected the goods in question for them because his forty years' experience enabled him best to pass on the quality needed. There is a conflict in the testimony as to the conversation between him and plaintiff. Assuming, without deciding, that plaintiff's version is correct, that he had no knowledge of the changes in the business and that he sold the goods solely to Dennis Quill for his own use, he has failed to establish the only case on which his judgment can be upheld. The proof is clear that Dennis Quill was not a member of the firm; it is, in our judgment, equally clear that he was not an ostensible member of the firm. Neither he nor his co-partners were estopped from denying joint liability; he was never held out as a member of the firm.

If plaintiff's version is correct, he might have had a good claim against Dennis Quill individually; if the latter's version is correct, he had a good claim against the other two defendants. But he cannot hold Dennis Quill jointly with the others.

The judgment on the *scire facias* will be reversed.

*Reversed.*